## PREBLE *versus* HAY.

After the expiration of a *written* lease, no notice to the tenant is necessary for the purpose of terminating the tenancy.

In a tenancy *at will, it seems* that a written notice to the tenant to remove the buildings which he had erected, and to surrender the land to the landlord, will have the effect of a notice to terminate the tenancy.

EXCEPTIONS, from the District Court, COLE, J.

Complaint for forcible entry and detainer. General issue. There was evidence tending to prove, *that,* in November, 1843, the plaintiff leased the land to one Oxnard by a written lease for five years; and *that* the tenant was assignee of that lease, and under it had occupied the land for three or four years, paying the rents to the plaintiff quarter yearly.

It was proved that, in Dec. 1848, the following notice addressed to the defendant and signed by the plaintiff, was served on the defendant; viz. — "Portland, Dec. 27, 1848. You are hereby notified to remove the building now on my land, on the south-west side of Preble street, without any delay, and deliver up to me the possession of the premises;" and that, in May, 1849, another notice of the same import was served upon him. This complaint was instituted in July, 1849.

The jury were instructed, 1st, that if the defendant was assignee of the written lease, and held under it, and if the lease had expired prior to the notice of Dec. 1848, the action was maintained; and 2d, that if the tenancy was merely at will, the notice of Dec. 1848, was sufficient to terminate it. The verdict was for the plaintiff, and the jury found specially, that the defendant held under the Oxnard lease, and was the assignee of Oxnard.

*Sweat,* for the defendant.

The second instruction was erroneous. The notice of Dec. 1848, is not susceptible of the construction given to it. It was not designed to put an end to the tenancy, nor could it, in law, have that effect.

*W. P. Fessenden,* for the plaintiff.

WELLS, J., orally. — The second instruction was correct. The notice of December, 1848, was a notice to remove the building and surrender the possession of the land to the plaintiff, and it was sufficient to terminate the tenancy. But that is an immaterial point. The jury have found, that the holding was under a written lease, which had expired when the first notice was given. In such a case no notice of the termination of the tenancy is necessary. The first instruction was also correct.

*Exceptions overruled.*